eFiled
3/20/2026 1:38 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(CIVIL DIVISION)

DIANNA THORNE
522 Hamilton Street NE
Washington, DC 20011

Plaintiff,

v. Case No.: 2026-CAB-001830

OSCAR MERCEDES
2125 Tiebout Avenue, Apt. D7
The Bronx, NY 10457

and

WALMART INC.
1 Customer Drive
Bentonville, AR 72716
SERVE: The Corporation Trust, Inc.
2405 York Road, Suite 201
Timonium, MD 21093

Defendants.

## COMPLAINT

COMES NOW, Plaintiff Dianna Thorne (hereinafter "Plaintiff"), by and through Peter M. Hur and Morgan & Morgan, P.A. his attorneys, and sues the Defendants Oscar Mercedes and Walmart Inc. and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this is founded upon D.C. Code 11-921, *et seq.*, 2001 Edition, as supplemented.

2. This Court's subject matter jurisdiction over this action is based on D.C. Code § 11-921.

3. This Court's personal jurisdiction in this action is based on D.C. Code § 13-422 and § 13-423.

4. Venue is properly vested in this Court pursuant to D.C. Code § 13-423.

## PARTIES

5. Plaintiff Dianna Thorne (hereinafter "Plaintiff"), is an adult female resident of the District of Columbia residing at 522 Hamilton Street NE, Washington, DC 20011.

6. Defendant Oscar Mercedes (hereinafter "Mercedes") is an adult male resident of The Bronx, New York 10457.

7. Defendant Walmart Inc. (hereinafter "Walmart") is a corporation with its Principal Office at 1 Customer Drive, Bentonville, Arkansas 72716.

## STATEMENT OF FACTS

8. On or about March 1, 2024 plaintiff was stopped at a red light on South Dakota Avenue NE at the intersection with Riggs Road in Washington DC.

9. At or about the same time and place, Defendant Mercedes was operating a vehicle for Defendant Walmart directly behind the plaintiff, Defendant Mercedes travelling at an excessive speed failed to pay proper attention to traffic, failed to travel at a safe distance and negligently struck the rear of the plaintiff's vehicle.

10. As a direct and proximate result of the incident/collision as aforesaid, plaintiff suffered bodily injury.

**COUNT I (NEGLIGENCE-DEFENDANT MERCEDES)**

11. Plaintiff reavers and realleges all of the allegations of fact contained in paragraphs 1-10 above and incorporates them by reference as if fully set forth herein.

12. At all times relevant hereto, plaintiff was acting carefully, reasonably and prudently, and exercising due care and caution when operating her vehicle.

13. Defendant operated a motor vehicle in a negligent and careless manner in that:

a. Defendant operated a vehicle in an unreasonable and dangerous manner;

b. Defendant failed to reduce speed in time to avoid a collision;

c. Defendant failed to maintain proper and adequate control of a motor vehicle;

d. Defendant failed to keep a proper lookout for other vehicles lawfully upon the roadway as to the perspective course of travel;

e. Defendant failed to steer a motor vehicle in a manner and in time to avoid a collision;

f. Defendant failed to observe due care and precaution for the safety of other vehicles and their occupants;

g. Defendant operated, managed and controlled a motor vehicle in a careless and dangerous manner under the circumstances then and there existing;

h. and in all other respects said Defendant was negligent.

14. Defendant's negligence caused the vehicle operated by the parties to collide.

15. Defendant owed plaintiff a duty of care to operate a vehicle in a proper fashion, and breached this duty of care by failing to operate a vehicle in a safe and proper manner.

16. As a direct and proximate result of the aforementioned acts and omissions of the defendant, plaintiff was thrown violently around the inside of her vehicle and thereby suffered serious and permanent bodily injuries and suffered great pain and mental anguish and was required to undergo and submit to medical treatment, care and attention for her injuries.

17. As a further direct and proximate result of his injuries and the negligence of the defendant, plaintiff has been put to substantial expense for medical care and treatment and the services of hospitals and physicians, required to treat her injuries and resulting infirmities and by that reason of the nature and extent of her injuries, may be compelled to seek medical care and attention in the future.

18. As a further direct and proximate result of the negligence of the defendant, the plaintiff suffered an impairment of her wage-earning capacity.

19. That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of Defendant Mercedes and were not, in any way, attributable to the plaintiff, who at all times exercised due care, and was not in any way negligent or contributorily negligent either directly or indirectly. As a direct and proximate result of the aforementioned acts and omissions of Defendant Mercedes, plaintiff was thrown violently about the inside of her vehicle and thereby suffered serious bodily injury and suffered great pain and mental anguish, and was required to undergo and submit to medical treatment, care and attention for her injuries.

## COUNT II (AGENCY-WALMART INC.)

20. Plaintiff incorporates paragraphs 1-19 as if fully set froth herein.

21. Defendant Walmart Inc. is/was the owner of the vehicle Defendant Mercedes was driving at the time of the accident.

22. At the time of the careless, negligent and reckless acts and omissions as set forth in this Complaint, Defendant Mercedes was the agent, servant, employee and/or acting on behalf of Defendant Walmart, and thus acting as Defendant Walmart's agent, servant and/or on its behalf at the time of the accident.

23. As a direct and proximate result of each of the foregoing acts, omissions, and wrongdoing and breach of Defendant Mercedes, each of which are attributable to Defendant Walmart, the plaintiff was caused to sustain severe and permanent injury; caused to incur medical bills and expenses; and was caused to endure pain and suffering. Furthermore, the plaintiff was precluded from enjoying her usual employment and other avocations.

24. The injuries, grievances and damages as hereinabove set forth, were caused by the carelessness, negligence, and recklessness of the Defendant Mercedes acting on behalf of Defendant Walmart Inc., as stated herein, without any carelessness or negligence on the part of the plaintiff contributing thereto.

WHEREFORE, Plaintiff Dianna Thorne prays for a judgment in their favor against Defendants Oscar Mercedes and Walmart Inc., jointly and severally, in the amount of FIVE MILLION ($5,000,000.00), plus interest from the date of the subject occurrence and costs of this suit together with such other relief this Court deems proper.

Respectfully submitted,
MORGAN & MORGAN, P.A.

By: //s// Peter M. Hur

Peter M. Hur, Esq. (Bar # 1029331)
1901 Pennsylvania Avenue NW, Ste. 300
Washington, DC 20006
Telephone: (202) 772-0550
Fax: (202) 772-0600
phur@forthepeople.com
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by a jury as to all issues involved herein.

//s// Peter M. Hur
Peter M. Hur